*Bodley & Sumrall, for appellants.*
*Bullock, Anderson & Weissenger, for appellee.*

---

JACKSON McGUIAR *v.* JASON NEELY.

**Trespass to Try Title—Compromise Line—Infants and Feme Coverts.**
    The compromise line established by the remote vendors of appellee and the vendor of Mrs. Roby and her trustee, did not bind either her or her children, she being a feme covert and the children infants.

APPEAL FROM SIMPSON CIRCUIT COURT.

October 31, 1871.

OPINION BY JUDGE LINDSAY:

The compromise line established by G. W. Hay, the remote vendor of appellee, and Karr, the vendor of Mrs. Susan Roby, and J. W. Roby, her trustee, did not bind either her or her children, she being a feme covert, and the children infants.

Karr by his conveyance had divested himself of all interest in the land, and J. W. Roby was merely the holder of the legal title with no power to divest Mrs. Roby and her children of any portion of their estate.

Appellee McGuiar held all the land Mrs. Roby and her children had the right to convey, and was not estopped to claim to the boundaries mentioned in his deed by reason of the inoperative compromise between Hogg, Karr and Roby, the trustees.

The court below by Instruction No. 1, given at the instance of the appellee, made this compromise conclusive as to the rights of the litigants, and took away from the jury the right to make any inquiry as to the location of the true division line between these litigants.

For this error the judgment must be reversed, and the cause remanded, for a new trial and for further proceedings not inconsistent with this opinion.

*Milliken & Whiteside, Bush, for appellant.*

*Craddock, Trabue, for appellee.*